IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SAZAR DENT, <br> AKA CAESAR AGUSTO JIMENEZ-MENDEZ <br><br> Petitioner, <br><br> v. <br><br> WILLIAM BARR, *et al.*, <br><br> Respondents. | Case No. 3:18-cv-822 <br><br> JUDGE SARA LIOI <br><br> MAGISTRATE JUDGE <br> THOMAS M. PARKER <br><br> **REPORT & RECOMMENDATION** |

On April 11, 2018, petitioner Sazar Dent, a native of Honduras who was admitted to the United States as a lawful permanent resident in February 1981 in connection with his adoption by U.S. citizens, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). ECF Doc. 1. Respondent William Barr[1] now moves to dismiss as moot Dent's petition because Dent was removed from the United States on July 19, 2019. ECF Doc. 18.

I.  **Facts**

    a.  **Original Removal Proceedings**

On July 21, 2004, U.S. Immigration and Naturalization Service ("INS") issued Dent a notice to appear, indicating that he was removable under Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), after an Arizona court convicted him

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Attorney General William Barr was automatically substituted as the respondent in place of former Attorney General Jeff Sessions.

of escape in violation of A.R.S. §§ 13-1001, 13-2502, and 13-2503 (a class 6 felony). ECF Doc. 15-2 at 1-2. On August 17, 2004, INS added that Dent was also removable under INA § 237(a)(2)(B)(ii), 8 U.S.C. § 1227(a)(2)(B)(ii), because an Arizona court had convicted him of possession or use of narcotic drugs (heroin), in violation of A.R.S. §§ 13-3401, 13-3408. On April 26, 2005, Immigration Judge Scott Jefferies found Dent removable on both counts and ordered that Dent be removed from the United States to Honduras. ECF Doc. 15-3 at 5-6. The Board of Immigration Appeals ("BIA") affirmed on August 18, 2005. ECF Doc. 15-3 at 9. Dent was removed on September 12, 2005. ECF Doc. 5 at 34. On September 21, 2005, the Board noted that there was an "apparent error in administrative processing" of the August 18, 2005, decision and reissued its decision. ECF Doc. 15-4 at 2.

      b. **Proceedings after Reentry**

In 2008, Dent reentered the United States without inspection. ECF Doc. 1 at 6. At some point thereafter, he was stopped for a traffic violation, turned over to ICE, and charged with illegal reentry under INA § 276, 8 U.S.C. § 1326. ECF Doc. 1 at 6-7. On June 3, 2009, the BIA again reissued its decision affirming the original order of removal, noting that Dent was not served with the September 21, 2005 decision because he had been removed on September 12, 2005 and that the defect in service affected his ability to appeal. ECF Doc. 15-5 at 3. Dent appealed to the U.S. Court of Appeals for the Ninth Circuit.

On November 9, 2010, the Ninth Circuit noted that Dent had never been given his Alien File in connection with his claim for citizenship, transferred the case to the U.S. District Court for the District of Arizona to determine Dent's citizenship claim, and noted that the case would be remanded to the BIA if the district court did not find that Dent was a U.S. Citizen. *Dent v. Holder*, 627 F.3d 365, 376 (9th Cir. 2010). Pending the outcome of Dent's case, INS issued an

"order of release on recognizance" on November 23, 2010. ECF Doc. 15-6. The order noted that Dent would reside in Columbus, Ohio. ECF Doc. 15-6. On December 18, 2012, ICE arrested Dent for violating the conditions of his release, and he was found to be in possession of heroin during processing. ECF Doc. 15-1 at 3. On April 4, 2013, the Butler County Court of Common Pleas convicted Dent of possessing heroin, in violation of Ohio Rev. Code § 2925.11. ECF Doc. 15-7.

On March 17, 2017, the District of Arizona granted summary judgment in favor of INS on Dent's naturalization claim. *Dent v. Sessions*, 243 F. Supp. 3d 1062, 1074 (D. Ariz., Mar. 17, 2017). On August 17, 2018, the Ninth Circuit vacated the BIA's finding that Dent was removable on the basis of his escape conviction, affirmed the finding that Dent was removable on the basis of his drug conviction, affirmed the district court's grant of summary judgment to INS, and remanded for the BIA to consider Dent's request for cancellation of removal. ECF Doc. 15-8; *Dent v. Sessions*, 900 F.3d 1075, 1085 (9th Cir. 2018), cert. denied *Dent v. Barr*, 139 S. Ct. 1472 (April 1, 2019).

### c. Final Order of Removal

On June 26, 2019, Immigration Judge Keith Hunsucker denied Dent's request for cancellation of removal and ordered Dent removed from the United States to Honduras. ECF Doc. 18-2 at 3. Dent waived appeal, rendering the Immigration Judge's order final. ECF Doc. 18-2 at 1. On July 19, 2019, ICE removed Dent from the United States to Honduras. ECF Doc. 18-2 at 1, 5-6.

## II. Federal Habeas Petition

Liberally construed, Dent's petition raised two grounds on which he alleged that he was in custody in violation of the U.S. Constitution. ECF Doc. 1; ECF Doc. 16; *see Franklin v. Rose*,

3

765 F.2d 82, 85 (6th Cir. 1985) (*pro se* habeas petitions are liberally construed). First, Dent alleged that his detention violated his right to due process under the Fifth Amendment because he was not provided with annual reviews of the decision to hold him in detention. ECF Doc. 1 at 8, 11, 13. Second, Dent alleged that the decision to hold him in detention violated his Eighth Amendment right against cruel and unusual punishment because long detentions are "mental torture." ECF Doc. 1 at 9-10. In addition to his constitutional claims, Dent also alleged that he "may be a U.S. Citizen" and had a "U.S. citizenship claim which is still ongoing." ECF Doc. 1 at 4, 7.

### III. Law & Analysis

#### A. Applicable Legal Standards

An alien who is in detention pending removal pursuant to a deportation order may file a petition for writ of habeas corpus under 28 U.S.C. § 2241 on the limited claim that he "'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Baidas v. Jenifer*, 123 F. App'x 663, 667 (6th Cir. 2005) (quoting 28 U.S.C. § 2241(c)(3)); *see also INS v. St. Cyr.*, 533 U.S. 289 (2001) (noting that neither the Antiterrorism and Effective Death Penalty Act of 1996 nor the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 repealed the writ for aliens raising pure questions of law challenging their deportation). A writ of habeas corpus under 28 U.S.C. § 2241 is available only to aliens who are "in custody." 28 U.S.C. § 2241(c)(1). Because custody is only required at the time the petition is filed, the post-filing removal an alien does not automatically deprive this court of jurisdiction to entertain the petition. *Baidas*, 123 F. App'x at 667 (citing, *inter alia*, *Rosales-Garcia v. Holland*, 322 F.3d 386, 395 n.6 (6th Cir. 2003) (en banc)). Nevertheless, the petition may be rendered moot, unless "the petitioner 'can show some sufficient collateral consequence of the underlying proceeding.'"

4

*Id.* (quoting *Leitao v. Reno*, 311 F.3d 453, 455 (1st Cir. 2002)) (noting that a petition challenging a removal order may present collateral consequences because 8 U.S.C. § 1182(a)(9)(A)(ii) prohibits removed aliens from reentering the United States for ten years).

  **B.**  **Mootness**

  Dent's petition is moot. There is no dispute that Dent has been removed from the United States and no longer remains in ICE custody. ECF Doc. 18-2 at 1, 5-6. Further, the two grounds raised in Dent's petition sought only relief from detention and did not challenge the order of removal or the collateral consequences of his removal. *See* ECF Doc. 1. Even if Dent's statements in his petition that he "may be a U.S. Citizen" could be construed as a claim seeking relief from his removal order or the collateral consequences of his removal, that claim would have been foreclosed by the Ninth Circuit's decision affirming the District of Arizona's order granting INS summary judgment on Dent's naturalization claim. ECF Doc. 15-8; *Dent*, 900 F.3d at 1085; *Dent*, 139 S. Ct. at 1472. Thus, because Dent's removal from the United States terminated his custody, this court can no longer grant Dent the relief requested in his petition and his petition is moot. *See Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) ("Mootness results when events occur during the pendency of litigation which render the court unable to grant the requested relief.").

## IV. Recommendation

Because Dent's removal from the United States rendered the claims presented in his § 2241 petition moot, the petition no longer "satisfy[ies] the 'case or controversy' requirement of Article III" and this Court is deprived of jurisdiction. *Carras*, 807 F.2d at 1289. Accordingly, I recommend that the Court GRANT respondent Attorney General Barr's motion (ECF Doc. 18) to dismiss Dent's petition for lack of subject matter jurisdiction.

Dated: April 3, 2020

Thomas M. Parker
United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).